**STATE of Iowa, Plaintiff-Appellee,**

v.

**Roger D. DeZEEUW, Defendant-Appellant.**

**No. 85–1712.**

Court of Appeals of Iowa.

Dec. 23, 1986.

Charles Harrington, Chief Appellate Defender, and John P. Messina, Asst. Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Christie J. Scase, Asst. Atty. Gen., Mark Schouten, Sioux Co. Atty., for plaintiff-appellee.

Considered by OXBERGER, C.J., and SNELL and SCHLEGEL, JJ.

SNELL, Judge.

On April 12, 1985, the defendant, Roger De Zeeuw was charged by trial information with first degree theft by deception. This charge was based upon allegations made by Jack and Margaret Vande Stouwe that De Zeeuw had sold them a $73,500 house in Rock Valley, Iowa, without informing them of an unpaid mortgage against the property of $57,371.13. Among De Zeeuw's pretrial motions was a motion to produce filed on May 29, 1985. The district court overruled, in part, the motion on June 18, 1985, following an unreported hearing. De Zeeuw's request for production was renewed, and again denied, during trial. On September 20, 1985, the jury found De Zeeuw guilty as charged, and he was subsequently sentenced to an indeterminate

term not to exceed ten years. This appeal followed.

De Zeeuw's motion to produce requested, *inter alia,*

> [a]ny memorandum or other transcripts of any oral or written statements taken from Jack Vande Stouwe or Margaret Vande Stouwe by the county attorney, D.C.I. or Sioux County Sheriff's office concerning the charges or evidence set out in the county attorney's trial information.

This motion was denied with respect to "any notes or other memorandum of interviews with said prosecution witnesses by any investigating officer in connection with the charge against the defendant." De Zeeuw contends that the district court should have allowed either a personal or *in camera* inspection of these items in order to determine whether they are helpful to the defense. We review trial court rulings on such discovery demands by applying an abuse of discretion standard. *State v. Groscost,* 355 N.W.2d 32, 34 (Iowa 1984).

Iowa Rule of Criminal Procedure 13(2)(b)(1), upon which De Zeeuw relies, provides for defendants' discretionary discovery of "papers, documents [and] statements ... which are in the possession ... of the state, and which are material to the preparation of his or her defense,...." Our supreme court has said that the decision as to production under this rule must rest in each case with the good sense and sound discretion of the district court with an eye toward obtaining an expeditious and fair criminal trial. *Groscost,* 355 N.W.2d at 34. Were this our only concern, our review of the record would persuade us to affirm the district court's discretionary ruling.

■ De Zeeuw appears to contend, however, the notes and memoranda he requests must be made available to him by virtue of the procedures our courts have approved analogous to those under the federal Jencks Act, 18 U.S.C.A. § 3500 (1985). *E.g., State v. Horn,* 282 N.W.2d 717, 721 (Iowa 1979). These discovery procedures, however, apply only to "statements".

*Groscost,* 355 N.W.2d at 36. As our supreme court said in *Horn:*

> In order for statements to be subject to the Jencks Act procedures, which we have approved, it is necessary that they be written statements made by the witness and signed, or otherwise adopted or approved by the witness, or that they be a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously without the making of such oral statement. The distinction between a statement made by a witness and one that is an imprecise summary of what another understood the witness to say has been made on the federal level as well as in Iowa.

282 N.W.2d at 721.

*Horn* went on to note that one of the motivations behind the enactment of the Jencks Act was the desire to prevent "the undiscriminating production of agent's summaries or interviews regardless of their character or completeness...." *Horn,* 282 N.W.2d at 721 (quoting *Palermo v. United States,* 360 U.S. 343, 350, 79 S.Ct. 1217, 1223, 3 L.Ed.2d 1287, 1294 (1959)). This desire recognizes the unfairness involved in allowing the defense to use material for impeachment purposes that is the product of the investigator's selections, interpretations and interpolations rather than the witnesses' own statements. *Id.* These principles have obvious relevance to the case at bar.

■ We think De Zeeuw's request for production amounted to the type of dragnet sweep of the prosecutions files our courts have repeatedly condemned. *E.g., State v. Mark,* 286 N.W.2d 396, 402 (Iowa 1979). The district court did not abuse its discretion in denying it.

AFFIRMED.